(71 South. 776)

No. 20723.

DARCOURT v. BRUNET et al.

(April 24, 1916. Rehearing Denied May 22, 1916.)

*(Syllabus by Editorial Staff.)*

1. JUDGMENT ⬅⇒587—RES JUDICATA.

Where plaintiff's attorney wrongfully pledged mortgage notes on plaintiff's property to the bank for his individual use and after foreclosure the bank agreed to reconvey the property upon payment of the debt, *held* a judgment against plaintiff, in an action to set aside the pledge and annul the foreclosure sale, or in the alternative to secure to plaintiff the rights of said attorney in such contract, was not res judicata of a subsequent action to enforce such contract, which plaintiff had secured by assignment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1089; Dec. Dig. ⬅⇒587.]

2. MORTGAGES ⬅⇒199(4)—APPLICATION OF INCOME TO DEBT—ACCOUNTING.

Under a contract, providing that the creditor will apply the net revenues of property to the debt upon the extinguishment of which he will reconvey the property to the debtor, the ren-

dering of one account does not cut off the right of the debtor or his assignee to demand subsequent accounts.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 520, 521; Dec. Dig. ⊙⟶199(4).]

3. PLEADING ⊙⟶228—EXCEPTIONS—DETERMINATION.

Exceptions of no cause of action must be determined from the face of the petition, and where the petition contains no reference to a former action, an objection based on what transpired at such former action cannot be considered.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. ⊙⟶228.]

4. JUDGMENT ⊙⟶735 — RES JUDICATA — ISSUES CONCLUDED.

On exceptions of res judicata, an objection that the petition shows that plaintiff at the former trial concealed the fact that he was the assignee of the contract now sued on cannot be considered, where the assignment of such contract was not discussed nor adjudicated at such former trial.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1263, 1265; Dec. Dig. ⊙⟶735.]

O'Niell, J., dissenting.

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Action by Eugene Darcourt against Adele Brunet and others. From an order sustaining exceptions, plaintiff appeals. Reversed and remanded.

E. Howard McCaleb, of New Orleans, for appellant. Charles I. Denechaud and Charles Louque, both of New Orleans, for appellees Adele Brunet and others. Dufour & Dufour, of New Orleans (H. Generes Dufour, of New Orleans, of counsel), for appellees Liquidators' and Citizens' Bank & Trust Co.

PROVOSTY, J. In November, 1894, the plaintiff, Darcourt, made his two notes to his own order, and by himself indorsed in blank for $2,500 and $2,000, respectively, payable one year after date, secured by mortgage upon real estate owned by him in this city, and delivered same to his lawyer, Mr. Fourchy.

In April, 1895, the lawyer pledged same to the Citizens' Bank as collateral on a demand note of his own of that date in favor of the bank for $1,850; and also as security for any other debt the pledgor might then or at any future time be owing to the bank. The bank accepted the pledge in perfect good faith, assuming that the lawyer was the owner of the notes.

In January, 1896, the bank foreclosed on the pledged notes; and, at the foreclosure sale, on April 2, 1896, bought in the property.

On June 22, 1896, the said pledgor, and the bank entered into the following contract:

"Whereas the Citizens' Bank of Louisiana hold in pledge two mortgage notes amounting to forty-five hundred dollars, one of $2,000.00, the other for $2,500.00, both past due, to secure the note of hand of P. L. Fourchy for eighteen hundred dollars ($1,800.00); and, whereas the property mortgaged to secure the said two notes of two thousand and twenty-five hundred dollars was seized and sold at the suit of said Citizens' Bank of Louisiana against the maker of said notes, No. 48280 of the docket of the civil district court for the parish of New Orleans and said property was adjudicated by the sheriff to the Citizens' Bank of Louisiana for account of said Citizens' Bank of Louisiana in the case of Citizens' Bank v. Darcourt.

"Now it is agreed between said P. L. Fourchy and the Citizens' Bank of Louisiana that said adjudication does not extinguish the debt of said P. L. Fourchy and that said Citizens' Bank of Louisiana is not liable for any part of the price of adjudication and that the said bank only take the title as a continuation of said security of the note of said P. L. Fourchy for the sum of eighteen hundred and fifty dollars ($1,850.00) and that whenever the said P. L. Fourchy will pay the bank the amount of his entire debt, including overdraft, interest, costs, etc., the bank will retransfer said property to him or his heirs or assigns.

"It is agreed between the parties that in the meantime the bank will lease or rent said property in its own name, collect the rents, pay the taxes, insurance and repairs, crediting said P. L. Fourchy with the rents and charging the said disbursements to him."

On October 30, 1896, the bank took a rule on the civil sheriff to show cause why he should not place it in possession of the property. On December 7, 1896, this rule was made absolute, and the sheriff was ordered to put the bank in possession. But apparently he failed to do so, for on April 19, 1897, the plaintiff in this case, Darcourt, who had continued in possession of the property, took a rule in the terminated foreclosure suit upon

the civil sheriff and the bank, alleging that the bank had held the two mortgage notes merely as collateral for certain loans to Fourchy, and that before a writ of ejectment should issue against him, the bank should be required to render a statement of Fourchy's account for the security of which the notes stood as collateral. What was ever done with this rule, or when Darcourt was dispossessed, does not appear. The attorney of Darcourt in this rule was Mr. Fourchy, the same who had pledged the notes.

More than four years thereafter, on November 28, 1900, Darcourt brought suit against the bank and Fourchy. He alleged that he (Darcourt) was the owner of the property in question; that he had executed the said two mortgage notes for his own use, and that Fourchy had had no authority to pledge them; that the debt for which they were pledged was for overdrafts of said Fourchy, and that the bank had accepted said pledge with full knowledge that the said notes did not belong to Fourchy, and that he was without right to dispose of them; that by virtue of a contract between the bank and Fourchy the bank was holding the title to said property merely as of property belonging to Fourchy and for his benefit, and as security for the debt of Fourchy, on the condition that the rents and revenues of the property were to go in extinguishment of said debt, and that the title was to revert to Fourchy as soon as said debt was paid; that said debt was only of $1,800; and that the said property realized more than that amount at the sheriff's sale. He prayed that he be decreed to be the owner of said property, or, if that relief could not be granted, then that he have judgment against Fourchy for $4,000, and declaring him to be entitled to the benefit of the said contract between the bank and Fourchy, and that the bank be required to furnish a statement of its account with Fourchy.

To that suit Fourchy filed an exception urging that the petition showed no cause of action, and was too vague, general and indefinite; and that the matter was res judicata as to him.

Later he filed an answer, pleading the general denial.

The bank in its answer related its transactions with Fourchy, and alleged that it had accepted the pledge in perfect good faith; that Fourchy had had the consent of plaintiff for making the pledge; that plaintiff had recognized its validity, and had solicited time in which to pay the debt; that it had acquired the property at the foreclosure sale, but had subsequently made said contract with Fourchy. It denied that plaintiff had any interest in this contract.

In the course of the trial it filed a statement of Fourchy's account which showed a debit balance of $554.44 against him. This was the balance against him after the price of the foreclosure sale of the Darcourt property, to wit, $3,625, had been credited to him. The bank was entitled to retain either this price or the property, so that for redeeming the property under the hereinabove transcribed contract Fourchy would have had to pay this $3,625, plus the said balance of $554.44; and plus also whatever expenses the bank might have had to incur in connection with the property, after deduction of whatever revenues might have been derived from it; with interest added on all the items.

The judgment in the case was rendered in July, 1902. It was in favor of the bank dismissing plaintiff's suit, and in favor of plaintiff against Fourchy for $3,076.55.

The said Darcourt property consisted of two pieces of real estate. In September, 1904, the bank sold one of them to its codefendants in the present suit, Adele, Berthe, and Justine Brunet.

The present suit was filed in January, 1914. Plaintiff alleges that Fourchy has transferred to him all his rights under the

said contract of June 22, 1896; that at the time same was entered into the debt of Fourchy was less than $500; that the revenues of that one of the pieces of property sold by the bank to its codefendants, the Brunets, exceed by at least $6,480 the said debt; that the bank and the said Brunets should be made to furnish an account of said revenues, and, in default of their doing so, should be condemned in solido to pay this $6,480; that the sale by the bank to the Brunets was made without warranty, and was so made with full knowledge on the part of the said Brunets of the existence of the said contract between the bank and Fourchy, of June 22, 1896, which had been duly recorded in the conveyance office of the parish of Orleans on August 20, 1902, two years before the said sale. He prays for judgment annulling the sale to the Brunets, decreeing him to be the owner of said property, and condemning said Brunets and the bank in solido to pay him $6,480, or such amount as may be found to be due upon a full accounting.

The defendants filed exceptions of no cause of action and res judicata. This latter exception was sustained. And the plaintiff has appealed.

The cause of action in the two suits appears to us to be entirely different. In the first, the plaintiff was suing to set aside the pledge and to annul the foreclosure sale; and, in the alternative, to be adjudged to be entitled to the rights of Fourchy under the said contract of June 22, 1902. He was denied that relief. He subsequently acquired these rights from Fourchy, and is now suing upon this contract. The two demands are manifestly different.

[1] On its face, the petition unquestionably shows a cause of action, for the terms of said contract thus sued on are plain; and, therefore, if plaintiff is, as alleged, the transferee of Fourchy's rights under it, and if, as alleged, Fourchy's said debt has been paid; and if, as alleged, said contract was duly recorded prior to the sale by the bank to the Brunets, there is nothing left but to give plaintiff judgment for the property, and for whatever excess of revenues the bank has derived or should have derived from the property by a proper administration unless, for the reasons hereinafter stated, the contract can be considered as having been renounced or has lapsed.

The theory upon which the plea of res judicata is sought to be sustained is this: On the trial of the plea, defendants offered in evidence the entire record of the former suit, and they now argue that by this record it appears that the bank furnished in that suit to the plaintiff, Darcourt, a statement of the Fourchy account, and that by this statement it appeared that the Fourchy debt, not only had not been reduced by any payments or receipts of revenues, but had been increased by necessary expenses on the property and by the accretion of interest to an amount evidently beyond any sum that could ever possibly be realized from said property, and that the present suit is nothing more, in reality, than a demand that the bank furnish another statement of the same account.

[2] The inconclusiveness of this argumentation is obvious. The bank cannot, and does not, pretend that the judgment in this former suit cut Fourchy off from his rights under this contract. No one can say that after that judgment had been rendered Fourchy could not have gone to the bank, and paid his debt and demanded a transfer of the title to the property. And that this right which he thus had he might have transferred to the plaintiff, as he eventually did, or to any body else, no one will we imagine gainsay. Moreover, the furnishing of one account to plaintiff under said contract could not have put an end to said contract, or cut off Fourchy's right of later on demanding another account.

Non constat that the revenues from the property might not have paid the debt subsequently to the rendition of the first account. And this right which Fourchy had to call for a second account he could transfer to another person.

[3, 4] The date of plaintiff's acquisition of the said contract from Fourchy is alleged in the petition to have been October 29, 1900. Plaintiff says that this date is here erroneously stated; the true date having been October 29, 1902. But defendants would hold plaintiff to the allegation; and, basing themselves upon it, they argue that the said contract had already been transferred to plaintiff at the time he filed his first suit, which was on November 28, 1900, and that plaintiff concealed that fact from the court, and, as a consequence, cannot now be allowed to maintain the present suit.

Anything more vague than this argument it would not be easy to conceive. In the first place, in support of which one of the said exceptions is it being made? That of no cause of action, or that of res judicata? If in support of the former, then the answer to it is that the fact of this former suit having been brought is not alleged in the petition, and therefore cannot be considered in connection with the exception of no cause of action, since that exception must be decided from the face of the petition. If said argument is made in support of the plea of res judicata, the answer is that that point was not discussed, let alone adjudicated, in the former suit. If, therefore, this argument has any merit, the proper place for it is not under either of these exceptions.

And we may as well add here that if all the allegations of the first suit touching the invalidity of the pledge had been true, the demand based upon them would in no wise have been inconsistent with an allegation of the ownership of said contract by transfer from Fourchy. The one demand would have been founded upon plaintiff's own right, and the other, founded upon Fourchy's rights, and the latter could well have been urged in the alternative without inconsistency. There would have been no inconsistency in plaintiff's saying that Fourchy and the bank had defrauded him, and that Fourchy had sought to repair the fraud as far as in his power lay by transferring to him his rights under this contract, such as they were, and that if he (plaintiff) could not recover by proving the fraud, then that he desired to be recognized as transferee of the rights of Fourchy and entitled to exercise them.

Another argument is that the said Fourchy contract was not made to last forever, and that it had terminated before the filing of this suit. But no clause in the contract is pointed to as so providing, and no reason is given for that conclusion; all that is said is that it is just so. While in all probability more time has elapsed than the parties contemplated should be the life of said contract, there is no limitation of time in it, and it was one which from its very nature had in prospect considerable duration. Therefore, unless the case can be brought under the doctrine of Joffrion v. Gumbel, 123 La. 391, 48 South. 1007, the contract was yet in full force when this suit was brought. Whether it can be brought or not under the said doctrine is a question which cannot be determined on these exceptions, but only from a consideration of all the circumstances of the case, after a full hearing.

The judgment appealed from is therefore set aside, the exceptions of no cause of action and res judicata are overruled, and the case is remanded for further proceedings according to law. The defendants to pay the costs of this appeal.

O'NIELL, J., dissents.