LAND, J.
The relator, alleging that he was the duly registered owner, under Act No. 49, p. 56, of 18,98, of the trade-name “Goodyear Raincoat Company,” and had under the same been conducting for several years a successful business in the city of New Orleans, sued out a writ of injunction in the civil district court of the parish of Orleans against Simon D. Harris, inhibiting and restraining Mm from using the name of the “Goodyear Raincoat Company in any manner whatever in the conduct of business.” The relator alleged in his petition that the use of said trade-name was worth to him in the conduct of his business a sum in excess of $50,000, and that if he was not protected in the use of the same he would be damaged to that extent. The relator prayed for judgment perpetuating the injunction, reserving his right to hold and sue the defendant for any damages that relator may suffer in the premises. The injunction was granted as prayed-for upon the relator’s giving bond in the sum of $2,000. Two days thereafter, on the ex parte application of the defendant, the judge ordered the injunction to be dissolved on the defendant’s giving bond in the sum of $3,500. The relator applied for a suspensive appeal from the dissolving order, which was denied, and thereupon the relator applied to the Supreme Court for writs of certiorari and mandamus. In response to a rule nisi the record has been sent up, and the sole question to be determined is whether the relator’s petition shows that he will be irreparably injured by the dissolution of the injunction.
The defendant’s counsel invokes the well-known rule that the injury complained of is not irreparable in its nature, when it can be estimated or compensated in dollars and cents.
The motion to dismiss must be decided on the allegations set forth in plaintiff’s petition. While there is a general allegation that the use of the trade-name in question was worth over $50,000 to the plaintiff, and that if not protected in the use of the same he will be damaged in that amount, there is no allegation that any injury had been already sustained, and there is no prayer for judgment for damages. The injunction was sued out to prevent prospective injury. In the nature of things the amount of damages that may be sustained in future is more or less a matter of conjecture. Hence the bond as fixed may or may not suffice to cover the damages that may be sustained pendente lite by the dissolution of the injunction on bond. Whether dissolved or not, in the event plaintiff should recover judgment perpetuating the injunction, he will have to sue for the damages sustained. Hence the argument that plaintiff by the dissolution on bond may be compelled to institute a new suit on another cause of action is without merit. Relator’s ■counsel cite a number of cases, which have no application, because based on entirely different state of facts. In State ex rel. Railroad Co. v. Judge, 23 La. Ann. 51, the injunction was directed'against the removal of a depot and other buildings. In White v. Casanave, 14 La. Ann. 57, the injunction was directed against the foreclosure of a mortgage, and its dissolution would have compelled the plaintiff to institute another suit on the same cause of action.
In Park v. Porter, 2 Rob. 342, Comstock v. Paie, 15 La. 481, and Hyde v. Jenkins, 6 La. 427, it was held that an interlocutory order which discharges the plaintiff’s hold on property sequestered or attached might be appeal *747 ed from as working an irreparable injury. In the case at bar the final judgment will determine all the issues involved in the suit, leaving to plaintiff, if successful, his reserved right to sue for damages.
Where an injury can be compensated in dollars and cents, it is not, as a general rule, irreparable. Garland’s Code Prac. art. 307, note B. In the instant case the alleged injury is purely pecuniary in its nature, and hence no appeal lies from the dissolving order.
The question of the insufficiency of the amount of the bond is not involved in this proceeding. The dissolution of an injunction on bond is a matter left to the discretion of the trial judge “according to the nature of the case,” provided that the act prohibited by the injunction is not such as may work an irreparable injury to the plaintiff. Code Prac. art. 307. The class of injunctions which work irreparable injury are such as change the possession of real estate or drive the plaintiff to another suit on the same cause of action to vindicate his rights, or where the act enjoined is against public policy, or constitutes a nuisance, and generally where the injury is not compensable in money. Garland’s Code Prac. art. 307, note E, 3.
While the trial judge should not as a general rule dissolve an injunction on bond without notice to the plaintiff, he has the power to do so in cases of emergency. State ex rel. Lehman v. Judge, 46 La. Ann. 163, 15 South. 283. But this question is not before us in this proceeding.
It is therefore ordered that the rule nisi herein issued be recalled and set aside, and that relator’s application be dismissed, with costs.