OVERTON, J.
The following facts appear in a petition filed by plaintiff, praying for writs of injunction against the police jury of Red River parish and the Louisiana Highway Commission, to wit:
The police jury of Red River parish established road district No. 1, which comprises wards 4, 5, and 6 of that parish. Plaintiff is the owner of considerable property, and is a resident of ward 5, which is the southern part of road district No. 1. In January, 1919, the police jury ordered an election in that district, at which there was submitted to the duly qualified taxpayers thereof the proposition to incur a debt of $150,000, and to issue negotiable bonds therefor, to bear 5 per cent, yearly interest, payable semiannually, the proceeds' of the bonds, when sold, to be used to construct and repair bridges, and to build a permanent hard road in the district from the Caddo parish line to the Natchitoches parish line, with a branch from Armistead to the west bank of Red River opposite Coushatta. The taxpayers of the district authorized the proposition. The bonds were issued and sold, and the required tax is being levied annually and collected to pay the interest on the bonds, as it becomes due, and to retire the bonds themselves as they mature. The proceeds derived from the sale of the bonds are on deposit in the People’s Bank of Coushatta.
The police jury of Red River parish and the Louisiana Highway Commission are preparing to withdraw from the People’s Bank the proceeds of the sale of the bonds for the purpose of building a road only 15 miles in length, from the northern line of said district to a point near Coushatta, thus omitting the south half of ward 6 and all of ward 5, or overman of said road district, and at the same time consuming, for that purpose, all of the proceeds of the bonds.
The petition then declares:
“That under the special election held, as hereinabove set forth, to authorize the .levy of a special tax on all taxable property in said road district No. 1, composed of wards 4, 5, and 6 of Red River parish, the levying of a special tax upon all taxable property in said road district No. 1 pursuant thereto and the sale of the negotiable bonds there authorized, was for the sole purpose, of constructing a road in conformity with the resolutions of the police jury of Red River parish in calling said election, and the other proceedings had, and that to carry out the purposes of said police jury of Red River parish and the Louisiana Highway Commission will be to appropriate said special taxes for a purpose not authorized by the said special election and by the property taxpayers and qualified voters in said road district No. 1.”
The petition then recites that the Louisiana Highway Commission has advertised for bids *1091 “for the construction of the grade, drainage, drainage structures, and gravel surface” of said 15 miles of road, and plaintiff then prays that writs of injunction issue, prohibiting the police jury of Red River parish and the Louisiana Highway Commission “from withdrawing from the People’s Bank of Coushatta, La., the proceeds of the negotiable bonds issued and sold pursuant to the special election hereinabove mentioned and the ordinance of said police jury passed pursuant thereto for the purpose of constructing a permanent hard road in said road district for no distance less than from the Caddo parish line to the Natchitoches parish line and the building of a branch line from Armistead, La., to the bank of Bed River, west of the town of Coushatta,” and he further prays for judgment maintaining the writs of injunction, .and decreeing that said fund cannot be used for any other purpose than that for which the bonds were voted.
The Louisiana Highway Commission filed an answer to plaintiff’s demand. The police jury did not answer, but instead filed an exception of no cause of action. This exception was maintained by the lower court, and plaintiff’s suit dismissed.
[1] The allegations of plaintiff’s petition clearly show that the bonds were voted by the taxpayers of road district No. 1 for the purpose of building the road through that district from the Caddo parish line to the Natchitoches parish line, with a branch from Armistead to- Red River, near Coushatta. The effect of the election, authorizing the issuance of the bonds, was to dedicate their proceeds to the purpose for which they were voted. The police jury is charged by law_witk the duty of so using the fund derived from their sale. The petition clearly shows that that body and the Louisiana Highway Commission propose, and are about, to use the fund to build only 15 miles of the road, thus leaving without the road, for which the bonds were voted, the rest of the district. This would be a violation of the trust imposed by law on the police jury. That body has no right to use the fund for any other purpose than that for which the bonds were authorized.
[2] The police jury, however, takes the position that the entire road will be built, and points to the answer filed by the Louisiana Highway Commission as evidence of that fact, and also refers to Act 95 of 1921 to show that the Legislature has created a system of hard surfaced highways, and that the route for which the bonds were voted is identical, as far as it goes, with the route adopted in said legislative act. The police jury also cites section 18 of that act to show that the governing authority of a road district may enter into an agreement to pay such proportion of the cost of constructing a state highway,, through the district as may be agreed upon between that authority and the highway commission, which proportion must be paid to the state.
Be the above as it may, the point at issue must be decided on the allegations contained in plaintiff’s petition. In determining the intention of the police jury and the Louisiana Highway Commission, when the question is presented on an exception of no cause of action, that intention must be sought for in the allegations of the petition, which, for the purposes of the exception, must be accepted as true. We are without right, in determining such an exception, to take into consideration the averments of an answer filed in the case. For the purposes of the exception, full effect must be given to all allegations of fact contained in the petition, and they are not overcome by allegations that conflict with them, contained in an answer. Lewy v. Wilkinson, 135 La. 106, 64 South. 1003; Darcourt v. Brunet, 139 La. 486, 71 South. 776. The petition, as stated, clearly discloses a contrary intention to that set *1093 forth in the answer, since, by the allegations of the former, only 15 miles of the road are to be constructed* leaving the rest of it unbuilt.
It may be that on the trial of the case on the merits it will be shown that plaintiff is in error as to the intentions of the police jury and the Louisiana Highway Commission, but we cannot anticipate that and rule accordingly, nor do we mean, at present, to express an opinion as to what the result will be, should the case be tried on the merits. It will be time enough to decide that, when the question is presented, should it be presented, after a trial on the merits.
The police jury also contends that the fund realized from the bond issue is insufficient for the purpose for which the bonds were voted, and that plaintiff suggests no remedy. It is sufficient to say that plaintiff’s petition contains no such admission. The police jury, in submitting the proposition to authorize the issuance of the bonds, and the taxpayers, in voting for the issue, deemed the amount to be derived from their sale, which necessarily had to be, under the law, for not less than par, sufficient. If the fund should prove otherwise, this would not authorize the police jury to carry out its intentions, as they appear on the face of plaintiff’s petition. The fund is a trust fund, to be used in accomplishing the purpose for which it was Toted. It may be necessary to supplement it to accomplish that purpose, or to take some other appropriate step, though this does not appear. The fund, nevertheless, cannot be used except to accomplish the purpose for which it, was brought into existence.
For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and set aside; that the exception of no cause of action be overruled, and this suit remanded to the lower court to be proceeded with according to law and the views herein expressed; the costs of appeal to be paid by the police jury, and the remaining costs to await the final determination of the case.