(95 South. 862)

No. 25773.

## O'BEIRNE v. POLICE JURY OF RED RIVER PARISH.

## In re O'BEIRNE.

(Feb. 26, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error ⬳458(1)—Notice of application for mandamus held a sufficient demand for suspensive appeal.**

Though no formal petition for suspensive appeal from judgment dissolving injunction was presented, or motion made in open court, after judge had intimated that it would not be granted, written notice of intention to apply for mandamus to compel granting of appeal was a sufficient demand.

2. **Appeal and error ⬳73(2)—Judgment dissolving injunction on bond is "interlocutory judgment," and appealable only if it works irreparable injury.**

Judgment dissolving injunction on bond is an "interlocutory judgment," and, under Code Prac. art. 566, appealable only if it works irreparable injury to appellant.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interlocutory Decree or Judgment.]

3. **Injunction ⬳178—When injury irreparable, so as to prevent dissolution on bond, stated; "irreparable injury."**

If injury from dissolution of injunction on bond is one for which party cannot be adequately compensated in damages, or if damages cannot be measured by pecuniary standard, or if act prohibited is contrary to public policy, injury is irreparable, within Code Prac. art. 307.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Irreparable Injury.]

4. **Injunction ⬳178—Dissolution may work irreparable injury, if act prohibited would do so.**

If act prohibited by injunction is such as may work plaintiff irreparable injury, judgment dissolving injunction on bond might work such injury, within Code Prac. art. 307.

5. **Injunction ⬳178—Allegations of petition accepted as true on motion to dissolve on bond.**

In determining whether dissolution of injunction on bond could work irreparable injury to plaintiff, the allegations of the petition for the injunction must be accepted as true.

6. **Injunction ⬳178—Dissolution on bond held calculated to cause injury not compensable by damages.**

Dissolution on bond of injunction restraining use of proceeds of bond issue to build part only of road for which bonds were voted, under Const. 1913, art. 281, leaving a large part unbuilt, including the section in plaintiff's ward, might cause injury which could not be compensated by damages.

7. **Injunction ⬳178—Defense contrary to allegations of petition cannot be set up on motion to dissolve on bond.**

Where petition, in suit for injunction, alleges that police jury and highway commission are about to use proceeds of bond issue in build-

ing part of road for which they were voted, defense that entire road is to be built cannot be set up on motion to dissolve injunction on bond.

**8. Injunction ⊛➡118(4)—Sufficient to allege facts showing injury would be irreparable.**

It is sufficient that petition in suit for injunction alleges facts showing that injury would be irreparable, without so alleging in so many words.

Suit by James J. O'Beirne against the Police Jury of Red River Parish. An injunction was dissolved on bond, and plaintiff applies for writs of mandamus and prohibition. Peremptory writ of mandamus issued.

Foster, Looney & Wilkinson, of Shreveport, and Rusca & Cunningham, of Natchitoches, for relator.

Phanor Breazeale, of Natchitoches, for defendant.

OVERTON, J. Relator filed a suit in the district court for the parish of Red River, in which he alleged that the property tax payers of road district No. 1 of that parish authorized the policy jury, at an election, to issue negotiable bonds in the sum of $150,000 to be used to construct a permanent hard surfaced road from the Caddo parish line to the Natchitoches parish line, and a branch road from Armistead to the west bank of Red River, near Coushatta. He also alleged in that petition that the police jury and the Louisiana highway commission were about to withdraw from the People's Bank of Coushatta the proceeds of the bonds, thus voted and authorized, for the purpose of building a road only 15 miles in length, leaving, without the road, the south half of ward 6 and all of ward 5, in contravention of the ordinance of the police jury calling the election. He further alleged that he was a property tax payer and resident of the district, and resided in that part of it, constituting ward 5 of the parish, and prayed that a preliminary writ of injunction issue prohibiting the police jury and the highway

commission from withdrawing and spending the proceeds of the bonds for any other purpose than to build the entire road, and that the injunction be perpetuated.

An exception was filed to plaintiff's suit, setting forth that the petition showed no cause of action; and from a judgment maintaining that exception plaintiff appealed to this court. Here the judgment was reversed, and the case remanded to be proceeded with according to law. O'Bierne v. Police Jury, 151 La. 1088, 92 South. 709.

It appears that the case, after it was remanded, was tried in the lower court, and that, while the trial judge had it under advisement, application was made to him by the police jury and the Louisiana highway commission to dissolve the injunction on bond. The application was resisted by relator, but was granted by the judge a quo, and the bond fixed at $5,000. Relator alleges that he then applied for a suspensive appeal from the judgment permitting the dissolution of the writ on bond, which was refused, whereupon he gave notice to the trial judge and the opposing litigants of his intention to apply for a writ of mandamus to compel the granting of the appeal. He then petitioned this court for a writ of mandamus to accomplish that purpose, and for a writ of prohibition to restrain defendants from doing anything in contravention of the writ of injunction. He bases his right to an appeal on the ground that, unless the appeal be granted, he will suffer irreparable injury as a result of the judgment of the lower court, which judgment, he alleges, is contrary to law.

The trial judge has filed in this court an exception to plaintiff's application for the writs asked for herein, setting forth that no petition was addressed to him for a suspensive appeal; that he was only asked whether he would grant such an appeal, and replied that, if he did grant it, the effect

would be simply to undo that which he had already done. The respondent judge then avers that he heard nothing more of the appeal until notice was served on him of plaintiff's intention to apply for a writ of mandamus. He then answers the application, by averring, in substance, that he was justified in rendering the judgment, permitting the dissolution of the injunction, for the reason that the act prohibited by the writ was not such as would work an irreparable injury to plaintiff, and that plaintiff's petition for injunction does not allege that the act is such that would work such an injury; and he further avers that no appeal should have been granted, or lies, from the judgment of dissolution, for the reason that the judgment works no such injury.

The police jury, without excepting, have also filed an answer to the application for the writs herein, in which they make substantially the same averments as those made by the respondent judge, and also that it is the intention of the Louisiana highway commission to construct the entire road.

[1] The exception filed by the respondent judge, in our view, should be overruled. It is true that no formal petition was presented to him praying for an appeal, and it is also true that no motion for one was made in open court, but the written notice served on him, of the intention to apply for a writ of mandamus to compel the granting of the appeal, was a sufficient demand that it be granted. Had the judge granted the appeal, when the notice was served on him, we entertain no doubt that the order granting it would have been valid.

[2, 3] The next question to be determined is whether an appeal lies from the judgment dissolving the injunction on bond. Such a judgment is an interlocutory one. An appeal lies from an interlocutory judgment whenever it may work the one aggrieved irreparable injury; otherwise, such a judgment is not appealable. Code of Practice, art. 566; Puckette v. Hicks, Judge, 39 La. Ann. 901, 2 South. 801, 4 Am. St. Rep. 242. As to whether an injunction may be dissolved on bond depends upon whether the act prohibited by it is such a one as may work an irreparable injury to the one obtaining the writ. If it is not such an act, then the injunction may be thus dissolved, otherwise not. Code of Practice, art. 307. If the "irreparable injury is one for which the party cannot be compensated adequately in damages, or for which the damages cannot be measured by a pecuniary standard," then the injury is held to be irreparable in the sense of article 307 of the Code of Practice. City of Lake Charles v. Lake Charles Railway, L. & W. Co., 144 La. 217, 80 South. 260. Likewise if the act prohibited by the writ is one contrary to public policy. Goldstein v. Harris, 120 La. 744, 45 South. 593; City of New Orleans v. Becker, 31 La. Ann. 644; City of Lake Charles v. Lake Charles Railway, L. & W. Co., 144 La. 217, 80 South. 260.

[4] From the above, it appears that the test as to whether the interlocutory judgment rendered is appealable necessarily involves the question as to whether the act prohibited by the writ is such as may work plaintiff irreparable injury, for, if it is, then it follows that the judgment dissolving the injunction may work such an injury.

[5, 6] For the purpose of determining that question the allegations of the petition for the injunction must be accepted as true. Levine v. Mitchell. 34 La. Ann. 1181; Puckette v. Hicks, Judge, 39 La. Ann. 901, 2 South. 801, 4 Am. St. Rep. 242. From the allegations of the petition it appears that the police jury and the highway commission are about to withdraw from the People's Bank and use the proceeds of the bonds to build only a part of the road, to construct the whole of which the bonds were voted, leaving a large part of it unbuilt, including that section of

it within the ward in which relator resides. The carrying out of this purpose, alleged to exist, is the act prohibited by the injunction. The election to authorize the issuance of the bonds was called by the police jury and held in 1919, under article 281 of the Constitution of 1913, and the laws enacted by the Legislature relative to the issuance of bonds by political subdivisions of the state, the parish of Orleans excepted. That article, and those laws, permit police juries to issue negotiable bonds to construct roads, when authorized by a majority in number and amount of the property tax payers of the road district, qualified to vote therein, and prohibit them from issuing the bonds for any other purpose than that authorized. Here the purpose authorized was to build the entire road and its branch. To withdraw the proceeds of the bonds for any other purpose would be in contravention of public policy and of the article of the Constitution cited, and would amount to a breach of faith. The act would be one in defiance of relator's rights as a property tax payer of the district, and the injury thus resulting to him would not be compensated by the payment of damages.

[7] The contention of the defense, however, is that the entire road is to be built, and that plans have been made accordingly. This, however, is in contradiction of the allegations of plaintiff's petition, and is a question to be determined in deciding the merits of the case. As heretofore stated, the allegations of the petition must be accepted as true in determining the questions as to the right to dissolve the injunction on bond and as to the right of appeal.

[8] It is also contended, especially by the trial judge, that the petition for injunction does not in so many words allege that the injury, which would result from the act concerning which complaint is made, would be irreparable. While this is true, yet the petition alleges the facts which show that the injury, which would result to relator, would be irreparable, and that is sufficient.

For the above reasons we conclude that the respondent judge erred in dissolving the injunction on bond, and hence that the suspensive appeal sought should be granted unless the judge reinstates the preliminary injunction.

For the reasons assigned, it is ordered, adjudged, and decreed that a peremptory writ of mandamus issue, directing the respondent judge to grant relator a suspensive appeal from said judgment or else maintain the injunction in force until a final judgment is rendered in the case. It is further ordered that the police jury pay the costs of this application.

O'NIELL, C. J., concurs in the result.