### (97 South. 461)

### No. 25870.

### O'BEIRNE v. POLICE JURY OF RED RIVER PARISH et al.

### (July 11, 1923.)

*(Syllabus by Editorial Staff.)*

**Highways** ⬤⟲90—**Proceeds of bond issue could not be used to construct part only of road.**

Notwithstanding Act No. 95 of 1921, § 18, authorizing road districts, etc., to pay such proportion of cost of state highways as may be agreed upon, proceeds of bond issue voted by road district for construction of described road could not, under agreement between police jury and state highway commission, be used to construct part only of the road, though highway commission agreed, at some indefinite time in the future, to construct the rest.

Appeal from Eleventh Judicial District Court, Parish of Red River; Jas. W. Jones, Jr., Judge.

Suit by J. J. O'Beirne against the Police Jury of Red River Parish and another. From a judgment for defendants, plaintiff appeals. Judgment annulled and set aside, and judgment rendered for plaintiff.

Foster, Looney, Wilkinson & Smith, of Shreveport, for appellant.

S. R. Thomas, Dist. Atty., and Stephens & Cagle, all of Coushatta (Breazeale & Breazeale, of Natchitoches, of counsel), for appellee Police Jury.

J. Y. Sanders, of New Orleans, for appellee Louisiana Highway Commission.

OVERTON, J. In 1919 the property tax payers of road district No. 1, comprising wards 4, 5, and 6 of the parish of Red River, at an election held for that purpose, authorized the police jury of Red River parish to incur indebtedness and issue negotiable bonds therefor in the sum of $150,000, for the purpose of building and repairing bridges, and of constructing and repairing a permanent hard road in said district, leading from the Caddo parish line to the Natchitoches parish line, and from Armistead to the west bank of Red River, opposite the town of Coushatta. The bonds were issued and sold, and the proceeds thereof deposited in one of the banks in Coushatta. After the creation of the Louisiana Highway Commission in 1921, the police jury of Red River parish entered into an agreement with the highway commission by which, at least, a part of the road was to be constructed at once. Plaintiff, a property tax payer of the road district, and a resident of the southern part thereof, instituted this suit after the above agreement was entered into, alleging that the police jury and the commission were about to withdraw the proceeds of the bonds from the bank, for the purpose of building only a part of the road. He alleges that such action on the part of the police jury is contrary to the purpose for which the bonds were voted, and prays for a writ of injunction prohibiting the police jury and the commission from withdrawing the proceeds of the bonds for any other purpose than that of constructing a permanent hard road in road district No. 1, for no less a distance than that stated in the proposition submitted to the taxpayers, that is, from the Caddo parish line to the Natchitoches parish line, including the branch from Armistead to the west bank of Red River, opposite Coushatta.

The police jury excepted to plaintiff's petition on the ground that it showed no cause of action. The lower court sustained the exception, and dismissed the suit. The case was appealed to this court, and the judg-

ment of the lower court, sustaining the exception of no cause of action, was reversed, and the case remanded, to be proceeded with according to law. O'Beirne v. Police Jury, 151 La. 1088, 92 South. 709. The case was then tried on its merits, and, while the court had the case under advisement, application was made to dissolve the injunction on bond. The court granted the application, and plaintiff asked for a suspensive appeal from the judgment dissolving the writ on bond. The district judge refused to grant the appeal. Plaintiff then applied to this court for writs of mandamus and prohibition, and, after due proceedings had, a peremptory writ of mandamus was issued ordering the district judge to grant the appeal or maintain the injunction in force until the rendition of a final judgment in the case. O'Beirne v. Police Jury, 153 La. 357, 95 South. 862. The district judge then vacated his order dissolving the injunction on bond, and decided the case on the merits. The judgment rendered rejects plaintiff's demand, and dissolves the writ of injunction. From this judgment plaintiff has appealed.

The record discloses that in 1919 the property taxpayers of road district No. 1 authorized the $150,000 bond issue, for the purpose stated in the first part of this opinion, that is, for the purpose of building and repairing bridges, and of constructing and repairing a permanent hard road from the Caddo parish line to the Natchitoches parish line, and from Armistead to the west bank of Red River, opposite Coushatta; that the bonds have been sold by the police jury, and the proceeds deposited, as above stated; that an agreement has been entered into between the police jury and the highway commission, having in view the building of said road; and that plaintiff is a property tax payer of said district, and a resident of the southern part thereof.

The depositions of the chairman of the highway commission were taken, as were also those of the vice chairman. They establish that the agreement between the police jury and the commission is that:

"When it (the commission) shall have exhausted the funds of the police jury in building a road through district No. 1 from the Caddo parish line south, with a road from Armistead Station to the banks of Red River, opposite the town of Coushatta, whatever moneys are needed to complete this road will be put up by the Louisiana highway commission."

The depositions also establish that it is the policy of the commission to build roads in sections, and that, at the time of the institution of this suit, the commission was advertising for bids to build the road from the Caddo parish line to Armistead, and that this section of the road, if built, will exhaust the proceeds of the bond issue. It moreover appears from the depositions that, while the commission agrees to build the entire road, including the branch, yet that it has not obligated itself, nor will it obligate itself, at this time, to build the road immediately, nor will it say when construction will commence, or when the road will be completed.

Therefore, since the commission, at the time of the institution of this suit, was advertising for bids to build the road from the Caddo parish line to Armistead, and since the construction of that section of the road will exhaust the proceeds of the bond issue, and since the depositions also show that the agreement with the police jury is to commence construction at the Caddo line and build south until the fund is exhausted, and that the commission is to then complete the work with its own funds, and since the commission will not and has not obligated itself to build the road within any definite time, we find that the agreement, in effect, amounts to nothing more than this: That the commission will build the road from the Caddo line to Armistead, with the proceeds

of the bonds, and at some indefinite time, with its own funds, will complete the work.

Learned counsel for defendants contend that the agreement entered into is a valid contract between the police jury and the commission. They point to the fact that the route of the proposed road is a part of the state highway system, and argue that the entire road, eventually, will be built by the commission, in order to complete the system. In further support of their contention that the agreement is valid, they cite section 18 of Act No. 95 of 1921. This act provides for a system of state highways, and creates the Louisiana highway commission. The section of the act relied upon provides that road districts, parishes, and municipalities in which roads are being constructed or improved, or in which they are to be constructed and improved by the commission, shall pay to the state such proportion of the total cost thereof as may be agreed upon between the commission and the governing authorities of such political subdivisions. The section obviously presupposes that the fund out of which the governing authority proposes to pay the amount is available for the specific purpose for which it is to be paid. In this instance the bonds were voted for the specific and express purpose of building and repairing the entire road, including the branch to Red River. The dedication of the bonds and their proceeds to that purpose cannot be departed from, but must be adhered to by the police jury. See O'Beirne v. Police Jury, 151 La. 1088, 92 South. 709, and 153 La. 357, 95 South. 862; Cruse v. Police Jury, 151 La. 1056, 92 South. 679. There would be such a departure were the police jury to use the fund to build only a part of the road, relying upon an agreement, although entered into with an agency of the state, for the completion of the work at some indefinite time in the future. When the commission is prepared to build the entire road, and is about to undertake to do so, the fund may be paid lawfully to the state to enable the commission to accomplish that purpose, but not to build merely a part. The injunction prayed for does not prevent payment of the fund under these circumstances.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and set aside, and that there now be judgment for plaintiff against defendant perpetuating said writ of injunction; the police jury to pay the costs in both courts.