(109 So. 353)

No. 27785.

PARKER et al. v. POLICE JURY OF RAPIDES PARISH et al.

(May 31, 1926. Rehearing Denied June 28, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Appeal and error ⟨⟩909(6).**

Supreme Court will assume that ordinance submitting road bond issue to vote of property taxpayers carried out purpose for which committee appointed by police jury recommended that election be called, in absence of contrary showing.

**2. Counties ⟨⟩178.**

Report of committee appointed to suggest plans for finishing incomplete road projects, adopted by police jury instituting road bond election, may be considered as entering into call for election.

**3. Highways ⟨⟩99¼—Police jury can deliver funds from road bond issue to highway commission for improving state highway, though latter proposed to make changes in location of such highway, where proceeds of bonds were to be used "as and when the state highway department is ready to co-operate" (Act No. 95, Extra Session 1921; § 7).**

Police jury *held* to have right to deliver funds received from road bond issue to highway commission for improving part of state highway, established by Act No. 95, Extra Session 1921, § 7, notwithstanding latter proposed to make changes in location of such highway as required by federal government before giving aid, where proceeds of issue were to be "used as and when the state highway department is ready to co-operate," in view of provision allowing commission to alter location of such highways.

**4. Injunction ⟨⟩88—Where taxpayers, who voted road bond issue, received more from state and federal government than was provided by them, notwithstanding amount allowed for improvement of highway within limits of certain city, injunction will not issue to prevent expenditure of joint fund for such improvement.**

Where taxpayers, who voted road bond issue, received more from state and federal government than was provided by them, notwithstanding amount allowed for improvement of highway within limits of certain city, injunction will not issue to prevent expenditure of joint fund for such improvement, since state highway commission has authority to aid in such construction with its own funds, and procedure for such assistance, though irregular, would cause no injury.

**5. Counties ⟨⟩175—Parishes; road bonds held voted for "hard-surface road of standard type" according to engineer's report in arranging prior bond issue, which was refunded by present issue, though report relating to latter issue mentioned "brick highway."**

Road bonds *held* voted for "hard-surface road of standard type, preferably a brick road," according to adopted report of engineer in arranging prior bond issue, which was refunded by present issue, and not necessarily for brick road, notwithstanding that report relative to latter issue mentioned "brick highway."

Appeal from Ninth Judicial District Court, Parish of Rapides; R. C. Culpepper, Judge.

Suit by Wirt Parker and others against the Police Jury of Rapides Parish and others.

Judgment for defendants, and plaintiffs appeal. Affirmed.

Hawthorn & Stafford, of Alexandria, for appellants.

W. M. Barrow, of Baton Rouge, for Louisiana Highway Commission.

Cleveland Dear, Dist. Atty., of Alexandria, for appellee police jury of Rapides parish.

B. T. Dawkins, of Alexandria, for appellee town of Lecompte.

S. L. Richey, of Alexandria, for appellee city of Alexandria.

OVERTON, J. The purpose of this suit, as appears from the prayer of plaintiffs' petition, is to obtain a writ of injunction, prohibiting the police jury of Rapides parish, the city of Alexandria, and the Louisiana highway commission from withdrawing from the fiscal agency banks of the parish of Rapides that part of the proceeds of a bond issue, alleged to be dedicated to the construction of the Alexandria-Lecompte brick highway, for any other purpose than the construction of a permanent brick highway between Alexandria and Lecompte, as a whole, and prohibiting defendants from using that part of said proceeds for hard-surfacing with brick a highway along any other route than route No. 1, as established by Act 95 of the extra session of 1921, and in existence on May 8, 1923, and particularly over any route, unless it be for the entire route, and along the route as now located, accepted, and maintained between what is known as Chambers station and Lamourie station.

The grounds upon which the injunction is asked to be issued are: (1) That the police jury has set aside, or attempted to set aside, and is diverting to the city of Alexandria, in contravention of law, a portion of the proceeds of said bonds, dedicated to the construction of the Alexandria-Lecompte brick highway (a part of route No. 1, or Jefferson Highway), for the purpose of constructing, in part, a street in said city; (2) that the police jury and the highway commission contemplate changing the location of a part of the highway, for which the proceeds of said bonds were dedicated, for a distance of several miles, by leaving the road, as presently located, for a mile or more, and intend to use the remainder of said proceeds, in violation of the dedication thereof, for the construction of said highway, as in part relocated; (3) that the police jury and the highway commission propose to construct only a portion of said highway, when they are at liberty to use said fund only in the construction of the whole.

When the application for the injunction was presented to the trial judge, he issued a rule nisi, directing defendants to show cause why the writ should not be issued. Defendants appeared and filed exceptions of no cause of action, and each filed an answer to the application. The town of Lecompte, and several property taxpayers residing therein, intervened in the suit, praying that the application be dismissed. The rule nisi was tried, and judgment was rendered, refusing to issue the injunction, and plaintiffs appealed.

The record discloses that in 1919 the police jury had under consideration the calling of an election to authorize the issuance of negotiable bonds for the permanent improvement of the public roads of the parish. I. W. Sylvester, the parish engineer, was called upon to estimate the cost of doing this work. In his report he made the following statement and recommendation, to wit:

"I have included an allowance of $5,000 for the expenses of the bond issue, and have set apart the remaining sum toward the construction of a hard-surface road of standard type, preferably a brick road, from Alexandria to Moreland, or so far along this route as the funds, together with the aid which we shall receive from the state and federal governments, will carry our construction."

The amount of this balance, as appears in the recapitulation made in his report, under the heading "Hard-Surfaced Roads," is $129,128. It may be here said that Moreland is

a point on the Jefferson Highway, or route No. 1, between Alexandria and Lecompte. The report called for a $2,000,000 bond issue, made necessary by the fact that there were other roads to be improved, including other sections of the Jefferson Highway, and a bond issue to be retired.

The report was adopted, and, in the resolution adopting it, the police jury pledged itself to devote the proceeds of the contemplated bond issue to the improvement of the roads, as shown on the plat of the engineer, attached to the report. This plat shows, among other things, a road running from Alexandria to Moreland, and thence to Lecompte, and beyond Lecompte to the parish line, this being the general route of the Jefferson Highway. In making the plat, it may be said that no effort was made to show the curves in the road, great or small, further than was necessary to trace the road from one town to another.

The police jury, in May, 1919, acting on the foregoing report, called an election for the purpose of submitting to the property taxpayers of the parish the proposition to incur debt, and issue negotiable bonds therefor, in the sum of $2,000,000, "for the purpose of constructing, improving, and maintaining public roads, together with bridges and other necessary equipment, within the limits of the parish of Rapides," and to retire a prior bond issue.

The bonds were voted and sold, but the proceeds proved inadequate to do the work which the police jury had undertaken to do, including the particular improvement here in question. A committee, appointed by the police jury, to look into the expenditure of the proceeds of the foregoing bond issue, and to suggest plans for the finishing of all uncompleted road projects, outlined in the proceedings leading to that bond issue, recommended, in February, 1923, the issuance of new bonds to retire those mentioned above, and the issuance of additional bonds to complete the work remaining unfinished under the bond issue of 1919, the proceeds of the additional bonds to be used—

"as and when the state highway department is ready to co-operate in the construction of the brick highway between Alexandria and Lecompte, and the construction of that portion of the Alexandria-Leesville highway heretofore surveyed by the highway department and extending from McNutt's Hill to the parish line of Vernon parish, through Hineston, and we do further recommend that the funds provided be allotted as follows:

"To the Alexandria-Lecompte brick highway, $129,000."

The report of the committee was adopted. The police jury called the election, and the proposition to issue the bonds carried. However, a defect was found in the submission of the proposition to the taxpayers, and for that reason it was deemed advisable to resubmit the proposition. This was done, and the issuance of the bonds was authorized by a vote of the taxpayers.

The fund ($129,000) provided by the bond issue of 1923 for making the improvement is inadequate to make it, even from Alexandria to Moreland, from which it follows that the fund is even more inadequate to make the improvement as far as Lecompte, which is considerably farther from Alexandria than Moreland. It is estimated that the minimum cost of making the improvement will be $500,-000. In order to carry the project to a successful termination, the aid of the state highway department and of the federal government was sought. Both consented to aid, but subject to the making of certain changes in the route. These changes are of a minor nature between Alexandria and Moreland, but between Chambers and Lamourie the change about to be made is much greater. Between these two points the road, as presently located, follows the general course of a bayou, and hence is circuitous and crooked. Most, if not all, of the plaintiffs, live on this section, which is graveled, and is being maintained, at least in part, by the state highway com-

mission, as is the rest of the Jefferson highway. The highway commission proposes to change the location of the road between these two points, so as to make the road run along the line of the Texas & Pacific Railway. This change will place the road at some points more than a mile, and at others less than a mile, from its present location, for a distance of about four miles. The reason why the highway commission proposes to make this change is that it will shorten the route for nine-tenths of a mile, eliminate certain dangerous curves and crossings, and reduce the cost of construction.

In addition to the foregoing, it also appears that the police jury passed a resolution appropriating $15,000 out of the fund set aside for the improvement above stated for the paving of Lee street, which is a section of the Jefferson Highway, in the city of Alexandria, from the intersection of that street with Bolton avenue to the city limits, the amount so appropriated to be paid to the city upon the completion of the work. The section of the street to be paved is one mile in length, and the estimated cost of the improvement is $108,000. The highway commission has set aside a like sum for the same purpose, that purpose being to extend the work into the city.

[1-3] From the foregoing it appears that one of the questions presented in this controversy is the right of the police jury to use said fund, or deliver it, or any part of it, to the highway commission, to be used, for the purpose of improving said highway from Alexandria to Lecompte, in view of the fact that the highway commission proposes to make the changes in the location of the highway that are indicated above. We have not before us the ordinance submitting to the property taxpayers the proposition to vote the bonds from which the present fund was realized. However, we assume, in the absence of anything to the contrary, that it carried out the purposes for which the committee, appointed in 1923, recommended that the election be called. In fact, plaintiffs rely on that report and its adoption by the police jury to show the dedication of the fund, involved in this litigation, to the construction of a brick highway running between those points. They argue that this report and its adoption by the police jury constituted, in effect, a part of the call for the election, and that, when the taxpayers authorized the issuance of the bonds, the taxpayers themselves dedicated by their votes the bonds to be issued, and their proceeds, when sold, to the purposes stated in the report.

To the extent that plaintiffs so argue, they are supported by the case of Cruse v. Police Jury, 151 La. 1056, 92 So. 679. But this case supports them no further, and it does not follow, in this instance, that, after said changes are made, the fund cannot be used to make the improvement for which it was set aside, for it should be remembered that the highway, entering into this controversy, is a state highway, being route No. 1, as defined in the State Highway Act. Act 95 of 1921 (Extra Session), § 7. It should also be remembered that, in the very report adopted by the police jury, preceding the election, which may be considered as entering into the call for the election, and upon which plaintiffs rely, it is recommended, inter alia, that authority be obtained to issue bonds to complete the work that was not finished under the preceding bond issue, the proceeds of the bonds to be used "as and when the state highway department is ready to co-operate in the construction of the brick highway between Alexandria and Lecompte," and following that suggestion, as appears from the excerpt from the report, quoted above, the recommendation for the appropriation was made. It should be observed, in this connection, that Act 95 of 1921 (Extra Session), which, as said, is the State Highway Act, vests the highway commission,

subject to certain restrictions, unnecessary to mention here, with certain discretionary powers relative to the detailed location and the construction of state highways, and especially provides that:

"The location and designated routing of state highways as herein made may be altered and amended by the Louisiana highway commission to such an extent and in such manner as may be necessary to meet any requirements that may be made by the federal government in granting aid in road construction."

The recommendation, relative to the co-operation of the state highway commission, must be considered in connection with the dedication, for it is mentioned in connection therewith; and especially should it be so considered, for it was thus mentioned for the reason that the improvement could not be made out of the fund to be realized from the sale of the bonds to be voted, even to Moreland, and especially to Lecompte, without the aid of the state highway commission. It therefore may be fairly said that the dedication was made by the police jury and the vote of the taxpayers, subject to the right, under the law, of the highway commission to make such changes as appeared necessary in the location of parts of the highway, and to place itself in position to co-operate by obtaining federal aid. To obtain such aid, it is necessary that the highway commission meet the requirements of the federal government, and to meet those requirements, in this instance, it is necessary that the change in the location of the part of the highway, mentioned above, and the correction of certain other defects, consisting of dangerous curves and crossings, be made. In these respects the case is unlike Cruse v. Police Jury, cited supra, relied on by plaintiffs, and these differences render the case inapplicable to this phase of the controversy. In our view, the fund involved herein may be used to make the improvement, notwithstanding the foregoing change or changes in location of a part or parts of the highway.

The complaint that the police jury has exceeded its powers in appropriating $15,000 in favor of the city of Alexandria, to be used by it in paving one of the city's streets, is based on the theory that the highway, or section thereof, which the bonds were voted to improve, extends from the city limits on, and not from within the city limits on, and on the theory that under no circumstances did the police jury have the right to make the appropriation. The section of the street to be paved, as we have seen, is a section of Lee street, and that section is a part of the Jefferson Highway, or route No. 1. The paving of it is therefore, at best, a mere extension of the improvement into the city. The police jury evidently considered that, by the terms of the dedication of the fund, the improvement was to be extended into the city, and hence appropriated the money to be paid to the city on the completion of the work. Whether the police jury was correct in so considering we find it unnecessary to decide.

[4] The cost of the improvement from Alexandria to Moreland, it appears, will exceed $300,000, and from Alexandria to Lecompte it will cost, at a minimum, $500,000. Hence the taxpayers will receive, notwithstanding the appropriation, made by the police jury to the city, far more than the entire amount of the fund provided by them. The highway commission has authority to aid in improving with its own funds that section of the highway, lying within the city's limits, without reference to whether that section was a part of the original project or not, and in this instance not only to the extent of the foregoing appropriation, made by the police jury to the city, but to the extent also of the amount set aside by it for that purpose. Having set aside an amount for that purpose, the commission has given its sanction to the extension, or treated it as part of the original plan. The

police jury might have delivered the entire fund to the highway commission for the purpose of making the improvement from the corporate limits of Alexandria to Lecompte, and the commission might have appropriated $30,000, instead of $15,000, out of its own funds, to aid in the paving of that section of the highway in the city, without being put to a dollar's more expense than it is now being put to. From all of which it appears, we think, that the method of procedure, for the assistance of the city, though perhaps irregular, amounts to nothing more than a technical error, which will cause no injury, and, as it will cause none, an injunction should not issue.

With reference to the complaint that the police jury and the highway commission contemplate using the fund derived from the sale of the bonds for the improvement of only a portion of said highway, the complaint in our view is not well founded. The evidence of the chairman and the secretary of the highway commission, which consists of their affidavits, shows "that it is the purpose and intention of the Louisiana highway commission to proceed without unnecessary delay to award contracts for all sections of said Alexandria-Lecompte highway." This readiness on its part differentiates this case from O'Beirne v. Police Jury, 154 La. 329, 97 So. 461, relied on by plaintiffs.

[5] From our appreciation of their position, plaintiffs also complain that the police jury and the highway commission do not propose to construct the improvement with brick, and there is some discussion, especially in defendant's brief, as to whether the bonds were voted to pave the highway with brick, or to hard-surface it, preferably with brick. While the report of February, 1923, refers to "the brick highway between Alexandria and Lecompte," and to "the Alexandria-Lecompte brick highway," yet the report of the engineer, in 1919, which was also adopted by the police jury, refers to "a hard-surface road, of standard type, preferably a brick road, from Alexandria to Moreland, or so far along this route as the funds, together with the aid which we shall receive from the state and federal governments, will carry our construction." The report of 1923 was with reference to the refunding of the bond issue of 1919, and the voting of additional bonds to complete the work that was unfinished, because of the insufficiency of the bond issue of 1919. The reference to "the brick highway," in the report of 1923, is to a highway that was contemplated. None—that is, an improved highway—was contemplated along that route, save the one from Alexandria to Moreland. The two reports should be interpreted together, and, so interpreted, mean a hard-surface road, of standard type, preferably a brick road, from Alexandria to Lecompte, or so far along that route as the fund to be provided by the parish, together with the aid to be received from the sources mentioned, will carry the project. As stated, the highway commission intends making the improvement to Lecompte without unnecessary delay.

For the reasons assigned, the judgment appealed from is affirmed; appellants to pay the costs.