(113 So. 372)

No. 28346.

## JEANE et al. v. POLICE JURY, VERNON PARISH.

May 23, 1927.

*(Syllabus by Editorial Staff.)*

1. **Highways** ⬅️103—**Insufficiency of funds to build road for which bond issue was voted and impracticability of such road held not to warrant change by police jury.**

Insufficiency of remaining funds to build road for which bond issue was voted and fact that a cheaper and more practical route could be constructed *held* not to justify police jury in changing route and building a road other than that authorized.

2. **Highways** ⬅️99¼—**Police jury of parish have not discretion to use moneys voted for particular road in construction of different road.**

Police jury, as governing body of road building in parish, have not discretion authorizing them to use proceeds of bond issue voted for particular road in construction of a different road.

Appeal from Eleventh Judicial District Court, Parish of Vernon; Hal A. Burgess, Judge.

Suit by H. W. Jeane and others against the police jury of Vernon Parish. From a decree for plaintiffs, defendant appeals. Affirmed.

Hardin, Hardin & Cavanaugh, of Leesville, for appellant.

Sidney I. Foster, of Leesville, for appellees.

THOMPSON, J. The four plaintiffs are electors and property taxpayers of ward 6 of Vernon parish, which ward constitutes road district 6 of said parish. They bring this suit against the police jury to restrain that body from using the balance of the proceeds of a bond issue to build a public road in said road district other than the one for which the bond issue was voted and the fund dedicated.

The injunction was issued and, after due hearing, was perpetuated.

The bond issue voted was for $67,000, and the fund was to be used in constructing four designated public roads in said district No. 6, to be known as Nos. 5, 6, 7, and 8. Three of these roads were constructed at a cost of more than two-thirds of the bond issue.

The road No. 7 is the one not constructed and is the subject of this litigation. It was designated in the ordinance of the police jury which was adopted by the voters at the election as, "beginning at the end of the gravel road in ward 5 and intersecting road No. 1 near Flactor Church."

At the time this ordinance was adopted a bond issue had been voted in road district No. 5. One of the contemplated roads of that district had been surveyed and was known as the Fullerton-Flactor road. It was to intersect road district No. 6 on the southern line of section 22, township 2, range 6. It was well understood and so testified by a number of witnesses, including the president of the police jury, that road No. 7 in controversy was to connect with said contemplated road of district 5 at said section line of section 22 and was to run in a northwesterly direction to a connection with road No. 1 near Flactor Church, practically traversing what was generally known as the Fullerton-Flactor road. The road No. 1 referred to in the ordinance as the northwestern connection or intersection is the state project No. 337 leading from Leesville toward Alexandria. The Flactor Church is situated about a half mile from the state project referred to in the northwest corner of section 4, township 2, range 6.

After ward 6 had voted the bond issue for the roads designated, the authorities of ward 5 abandoned the road which was contemplated to be built to the line of ward 6 at section 22 and constructed a road to a connection with ward 6 near the center of section 25, township 2, range 6. Thereupon the member of the police jury from ward 6 directed the parish engineer to survey a new road to take

the place of the Fullerton-Flactor road, beginning in section 25 and connecting with the state project at Turpentine Camp between sections 7 and 8, township 2, range 5. In compliance with these instructions the engineer surveyed said road and made a map showing the proposed new road as well as the one voted on by the people, and indicated thereon that the road as originally contemplated had been abandoned by the road authorities.

The starting point of the road proposed by the new survey is about two miles distant from the starting point of the road for which the bonds were voted, and the intersection of the proposed new road with the state project is about six miles from the Flactor Church designated in the ordinance as the point near which the road to be built should intersect said state highway.

The proposed new road traverses ward 6 in a northeasterly direction, whereas the road designated in the ordinance traversed said ward in a northwesterly direction.

There is therefore no question but that the road which the police jury proposes to build with the balance left of the bond issue is not the road which the police jury and the voters intended should be built with the proceeds of the bond issue. The two roads as stated are from two to six miles apart and traverse the ward in different and practically opposite directions.

The police jury urges several reasons to justify its action in changing the route of the road.

[1] It is contended that the proposed route is the more practical, is much shorter, and can be built with less money; that it will cost $28,000 to build the road designated in the ordinance, whereas the proposed road can be built for $22,000, and, further, that there is not sufficient amount left of the bond issue to construct the road as originally designed.

It is sufficient answer to these contentions to say that they involve matters to be considered and are presumed to have been considered by the police jury when it designated the road to be built from the bond issue, and by the voters when they ratified the road selected. It is now too late for the police jury to say that a cheaper and more practical road can be constructed than the one selected and voted upon.

The fact that there is not sufficient funds left to build the road as voted is no justification for the diversion of the fund to another and different road and which is to serve an entirely different community.

[2] It is finally argued that the changing of the route was a matter within the discretion of the police jury as the governing body of road building in the parish.

It is well settled, however, that the police jury has no authority to appropriate the money voted for a certain named road along a designated route, to the building of a distinctly different road, over a different route and for the benefit of a different community. Cruse v. Police Jury, 151 La. 1056, 92 So. 678.

And this court has held that the police jury could not use the whole of the proceeds of bonds voted to build a described road, in building only a part of such road.

"If the fund should prove otherwise [insufficient] this would not authorize the police jury to carry out its intentions, as they appear on the face of plaintiff's petition. The fund is a trust fund, to be used in accomplishing the purpose for which it was voted. It may be necessary to supplement it to accomplish that purpose, or to take some other appropriate step. * * * The fund, nevertheless, cannot be used except to accomplish the purpose for which it was brought into existence." O'Bierne v. Police Jury, 151 La. 1088, 92 So. 709.

The judgment appealed from is affirmed.