LAND, J.
 

 Plaintiff, under contract with road district No. 11 of the parish of Winn, completed the road from Sikes to Chester within said district. On the completion of the road, the parish engineer reported 83,005.2 cubic yards of dirt moved by plaintiff, who refused to accept this estimate. Plaintiff then brought the present suit against the road district to recover for 108,410.8 cubic yards, making a difference of 25,405.6 cubic yards, which, at the contract price of 25 cents per yard, amounts to the sum of $6,351.40.
 

 Alleging that the fund in the treasury of road district No. 11 was not more than sufficient to pay the full amount of plaintiff’s claim, at the time of the filing of the petition, plaintiff prays that a temporary restraining order issue, enjoining the road district from appropriating and paying out this fund for working other roads in the parish of Winn, on the ground that it is a special fund dedicated to the purpose of building the Sikes-Chester road.
 

 A preliminary injunction was ordered to issue by the trial judge, and from this order the road district has appealed.
 

 As defendant has not furnished us with a brief, it may be assumed, at the outset, that defendant concurs in tl\e finding of the lower court that sufficient evidence was adduced on the trial of the rule nisi to justify the trial judge in ordering an interlocutory injunction to issue in this case.
 

 Plaintiff has alleged in a verified petition that road district No. 11 of the parish of Winn has no fund out of which to pay plaintiff’s claim, except the fund now in the treasury derived from the sale of a special bond issue, voted for the purpose of building roads in said road district, and particularly the road built by petitioner from Sikes to Chester, known as project No. 2B, and that an in june
 
 *290
 
 tion is necessary to prevent such illegal diversion.
 

 It is well settled that injunctions will issue in such cases. Cruse v. Police Jury, 151 La. 1056, 92 So. 679. Jeane et al. v. Police Jury of Vernon Parish, 163 La. 1053, 113 So. 372.
 

 This petition and the affidavit annexed thereto were filed in evidence on the trial of the rule nisi. During the trial, the president of the policy jury of Winn parish admitted, on the witness stand, that contracts had been awarded, and that bids were in the hands of the police jury for contracts for working other roads in the parish.
 

 Plaintiff also placed upon the witness stand a competent engineer, who had been employed to cheek and estimate the amount of dirt which had been moved, and for which plaintiff had not been paid. . .
 

 Defendant offered no testimony.
 

 We agree with the trial judge that the evidence before him at least justified the issuance of a preliminary injunction, whatever may be the facts developed finally on the trial of the merits.
 

 Defendant filed an exception of no right or cause of action, and an exception denying the right of plaintiff to sue in his individual capacity upon the contract alleged in the petition.
 

 These exceptions were overruled, and properly so, in our opinion.
 

 The evidence clearly shows that the original contract was awarded to W. H. Smith, Jr., by road district No. 11, acting through the police jury of Winn parish, ás its governing authority.
 

 This contract was acquired by the firm of Williams & Harding, and John O. Williams, plaintiff and partner in this firm, bought the interest of Harding in the contract, and assumed all the liabilities and obligations of same, with the full knowledge and approval of the road district.
 

 The allegations of the petition, in our opinion, set forth a sufficient right and cause of action, based upon specific and well-pleaded facts.
 

 Judgment affirmed.