GLADNEY, Jr., Judge.
Appellee herein, proceeding finder LSA-R.S. 37:1286 and LSA-R.S.' 13:4061 et seq., Act 29 of 1924, was granted a preliminary' writ of injunction from which decree the judge a quo granted a suspensive appeal over the protest of appellee’s counsel. The appeal was perfected with proper filiiig of the transcript in this court. The only matter presented for our consideration at this time is a motion to dismiss the suspensive appeal, appellee urging in the *208 motion-the allowance of .a suspensiye ,appeal from- the judgment was improper and contrary.to LSA-R.S. 37:1286,. which provides: . . ■ ...
“The hoard through its proper officer may cause to. issue in any competent court a writ of injunction enjoining any person from practicing medicine in any of its departments, until such person obtains a certificate under the'provisions of this Part. This injunction shall not be subject to being released upon bond. [Italics' supplied.]
“In the suit for an injunction, the board, through its president, may demand .of the defendant a penalty of not more than one hundred 'dollars, and attorney’s fees not to exceed fifty dollars, besides the costs of court. This judgment for penalty, .attorney’s fees, and costs may be rendered in the same judgment in which the injunction is made absolute.
' “The trial of the proceeding by in- • junction shall be summary and by.the judge without a: jury.”
The portion, of the quoted statute as above, italicized is referred to by mover as prohibiting the granting of a suspensive appeal from an injunction granted under LSA-R.S. 37:1286 as to do so would, in effect, permit the injunction to be released under bond.
The pleadings and minutes relating to the hearing from which this appeal comes show that the only matter presented there was the issuance vel non of a writ of preliminary injunction. In Lambert v. Lass, 1946, La.App., 25 So.2d 913, 916, the court observed:'
“Act No. 29 of 1924 applies exclusively to the issuance of temporary ■ restraining orders and preliminary writs of injunction. It does not pertain to.permanent injunctions which., are final judgments issued after a trial on the merits of the controversy.” .
And to the same effect see Borgnemouth Realty Co., Ltd., v. Gulf Soap Corp., 1947, 211 La. 255, 29 So.2d 841.
Act 29 of 1924 was intended to govern the procedure affecting the issuance of all restraining orders- and preliminary writs of injunction under prior special or general acts. Rapides Dairy Dealers’ Co-op. Ass’n v. Mathews, 1935 La.App., 158 So. 247.
The rule nisi-was fixed for July 13, 1953, at which time exceptions of no cause and no right of action were filed, taken up, argued and referred to the merits. An exception of vagueness was -overruled. Respondent then filed'an answer, orally dictated' ■ into the record, fhe substance of which was more or less a general denial. The judgment rendered overruled the exceptions of no cause of action and no right of action, granted a writ of preliminary injunction and decreed further “judgment in favor of the plaintiff and against the said defendant, L. O. Tackett, condemning the' said defendant to pay unto -plaintiff a penalty in the' sum of $60.00 and attorney’s fees, of $50.00, and that the said defendant- be cast for all costs of this proceeding.” .
The judgment before this court, it will be observed, includes the issuance of a prelimináry injunction and also a money judgment against the defendant. This latter insertion is a final decree from which a suspensive appeal should be granted as a matter of right. The allowance of a suspensive appeal from the granting of a preliminary- injunction is permissive within the provisions of LSA-R.S. 13:4070. LSA-R.S. 37:1286, formerly Section 14 of Act 56 of 1914, must yield to the procedure set forth in Act 29 of 1924, which as above pointed out is exclusive as to temporary restraining orders and writs of preliminary injunction.
The release of an injunction upon bond is authorized in appropriate cases by Code of Practice,- Article 307, when a writ of permanent injunction has been granted after trial upon the merits. The provisions *209 of LSA-R.S. 13:4070 (formerly section 5 of Act 29 of 1924) do not accord a defendant a suspensive appeal as a matter of right from the granting of a preliminary injunction, but the granting of such an appeal is a favor from the court, lying within its proper judicial discretion. In instances where the defendant can show the refusal to grant a suspensive appeal will result in irreparable injury to him, the appellate courts have not hesitated to. grant- writs through the exercise of their ¡ supervisory powers. This occurs when a devolutive appeal would bring no relief and afford.no remedy to the defendant. We, of course, understand by irreparable injury that it is one for which a party cannot be adequately compensated in damages or when damages cannot be measured by pecuniary standards. See O’Beirne v. Police Jury of Red River Parish, 1923, 153 La. 357, 95 So. 862.
In the instant case the judge-a quo did grant orders of suspensive appeal from the judgment rendered by him. ■ We are of the opinion that the granting of the sus-pensive appeal was proper for the following reasons: first, that'the granting of a preliminary injunction which would' have the effect of prohibiting the defendant from following his occupation, which he asserts to be lawful, and which issue has not yet been decided by this court',' would causé him immediate irreparable injury; second, that part of the judgment which carries a penalty and attorney’s fees must be considered for the purpose of this appeal'a final judgment of the trial court. From this portion of the judgment defendant is entitled to a suspensive appeal as a matter of right; and, third, the stipulation contained in LSA-R.S. 37:1286 that the injunction if granted, ‘ insofar as said clause may be said to have application to the issuance of a preliminary writ of injunction is superseded by the provisions of the in-junctive act formerly Act 29 of 1924, now incorporated in the Revised' Statutes LSA-R.S. 13:4061-4071. . . .
The argument of mover, -if approved, would sanction the dismissal of the suspeii'r sive appeal as to the preliminary writ of injunction and require us to sustain' the suspensive appeal for consideration of the judgment; insofar' as it- appertains to'the assessment of a civil penalty and attorney’s fees. This would create an undesirable situation which, however, was avoided by the trial court’s proper authorization of a Sus-pensive appeal. : ■ ■ " ■ •-
As the motion to dismiss is the only matter presently before the court, it will be denied.