SCHOTT, Judge
(concurring).
The original petition filed in 1974 was for an injunction against the Jury from proceeding with the project. Had plaintiff persisted in this cause of action he could have found authority for his position, in O’Beirne v. Police Jury, 154 La. 329, 97 So. 461, in which the plaintiff obtained an injunction against the Police Jury from proceeding with a road construction project where the original election and resolution authorizing the bond issue had been for the specific purpose of completing a road and where, after the bonds were issued, it was determined that the cost of construction had increased to the point where only a part of the entire road could be completed. The Court held:
“In this instance the bonds were voted for the specific and express purpose of building and repairing the entire road, including the branch to Red River. The dedication of the bonds and their proceeds to that purpose cannot be departed from, but must be adhered to by the police jury.”
While this case was decided under the Constitution of 1913 this result is in harmony with the general law.
Similarly, in Young v. Bossier City, 154 La. 625, 98 So. 45, the Court held that an injunction would properly issue in a case where the village was preparing to embark upon a project for construction of a water system according to plans which were considerably different than those which had been originally agreed upon by the Police Jury and which had been submitted to the voters of the village and the election authorizing the bond issue was held. The Court said:
“If additional bonds are necessary to accomplish the purpose authorized at the election, the taxpayers should not be placed in a position, which virtually forces upon them no alternative, except that of voting the bonds, but, instead, a proposition to vote them should be submitted before their money is expended, or if this be not done, some other appropriate step should be taken.”
The difficulty of plaintiff’s position in the instant case is that he did not adhere to his original position of attempting to enjoin the carrying out of the project, but instead by stipulation at the pretrial conference agreed that the trial judge could give the Jury the option of either returning the millage collected from him or providing for all of the services originally intended in the plan.
The plaintiff placed himself in much the same position as the plaintiff did in State ex rel. Traeger v. Carleton, 242 Minn. 296, 64 N.W.2d 776 (1954), where there was an election authorizing a bond issue to provide sewerage service to a village but when the bids were called for the original *768 project the bids exceeded the original estimate by $120,000 and it became necessary to eliminate portions of the project. The Court recognized the proposition found in 64 C.J.S. Municipal Corporations § 1929B, p. S51, to the effect that proceeds of bonds may be used only for the purpose authorized by the vote and not for a different purpose “or for a more limited purpose involving a system radically different from that contemplated by the voters.” The Court held that regarding the authority of the municipality to change a contemplated improvement for which bonds have been authorized by a vote of the people from that voted upon, such authorities have no discretion to exercise in the premises whatsoever.
“Their authority is conferred by the vote of the people. They have no discretionary power to change the authority so granted, except possibly in minor details which do not affect the nature of the plan voted upon.
Had relators applied for injunctive relief to prevent issuance of the bonds when it appeared that the proceeds of the bonds would be insufficient to complete the project in substantial compliance with the plan approved by the vote of the people, it should have been granted.”
But in this case the Court refused the taxpayer relief because he had sat by until the proceeds of the bonds were expended to perform part of the project and then attempted to obtain relief by a mandamus to compel the village to complete the project without showing that it could be done out of the proceeds of the bond issue.
This is what the plaintiff in the instant case has been granted by the trial judge, an option to the Police Jury either to refund plaintiff’s money or to complete the project. The Police Jury cannot refund plaintiff’s money without doing violence to the rights of the holders of the bonds since the servicing of the bonds is dependent upon the collection of the taxes upon which the issuance of the bonds was based. Nor can the Police Jury be compelled to complete the project where there are no funds available to do so.
I would therefore conclude that plaintiff has no cause of action for the relief to which he limited himself at the pretrial conference. His only remedy was to prevent the Police Jury from undertaking the project in the first instance which he waived.
I concur in the result.