BARNETTE, Judge.
The Louisiana State Board of Medical' Examiners, acting pursuant to the authority of LSA-R.S. 37:1286, instituted a proceeding in the Twenty-Fourth Judicial District Court for the Parish of Jefferson seeking to enjoin Dr. Sydney C. Knight-from practicing medicine in any of the departments as defined in LSA-R.S. 37:1261., The basis of the suit for injunction was an order of May 5, 1965, of the Board suspending the license of Dr. Knight for a. period of five years for certain alleged causes enumerated in LSA-R.S. 37:1285..
On October 26, 1965, after a hearing, a. judgment and order of preliminary injunction was granted enjoining the defendant, from practicing medicine from which judgment the defendant sought a suspensive appeal. The trial judge refused to order-the appeal tó be suspensive, giving written reasons therefor.
Application was made to this Court for-writs of certiorari, mandamus and prohibition, ordering the judge of the trial court to send up the record for review of the judgment granting the preliminary injunction and denying a suspensive appeal.. Specifically, relator prayed as follows:
*756 “ * * * that the aforesaid Judge, Honorable Robert G. Hughes, and the respondent, Louisiana State Board of Medical Examiners, be ordered to show cause in this Court at a day and hour to be fixed by the Court, why the preliminary judgment issued herein should not be recalled and set aside, and why the above suit should not be dismissed, ,or alternatively, why a suspensive appeal should not be granted relator herein, and that in due course and aft.er hearing and review, that writs of •certiorari, mandamus and prohibition issue herein to said Judge commanding him to recall and set aside the preliminary injunction and to dismiss the said suit, or, alternatively that he be ordered to grant relator a suspensive appeal from the preliminary injunction. * * * ”
On November 3, 1965, we granted writs, more specifically, as follows:
“IT IS ORDERED that the Honorable Robert G. Hughes, Judge of the Twenty-Fourth Judicial District Court for the Parish of Jefferson, grant to ■relator a suspensive appeal on or before November 5, 1965, or show cause -in this Court on November 29, 1965, .at 10:30 A. M. why a suspensive appeal should not be granted.
“IT IS FURTHER ORDERED that in the event the respondent judge fails to grant a suspensive appeal in accordance herewith, a writ of certiorari issue herein directing said judge to transmit to the Fourth Circuit Court ■of Appeal on or before November 29, 1965, the record, or a certified copy of the record, of all proceedings complained of by relator herein, and in the interim the effect of the preliminary injunction complained of be stayed and suspended pending further orders of this Court.”
On November 29, in response to the foregoing order, the matter was argued and submitted.
It should be pointed out that our foregoing order is limited to relator’s alternative prayer for an order for a suspensive appeal or for the respondent judge to show cause “why a suspensive appeal should not be granted.” Apparently the relator and counsel for the Louisiana State Board of Medical Examiners misconstrued our order since they have briefed and argued the merits of the case. We confine our opinion at this stage of the proceeding to the question of relator’s right to a suspensive appeal from the judgment of preliminary injunction.
LSA-R.S. 37:1286 provides in part as follows:
“The board through its proper officer may cause to issue in any competent court a writ of injunction enjoining any person from practising medicine in any of its departments, until such person obtains a certificate under the provisions of this Part. This injunction shall not be subject to being released upon bond.” (Emphasis added.)
Notwithstanding the foregoing provision that such injunction shall not be released upon bond, we are of the opinion that it does lie within the discretion of the trial court to grant a suspensive appeal. This was considered in Louisiana State Bd. of Musical Examiners v. Tackett, 70 So.2d 207 (La.App.2d Cir.1953), and the Court held, correctly we think, that the prohibition in LSA-R.S. 37:1286 against bonding an injunction, being formerly § 14 of Act 56 of 1914, “must yield to the procedure set forth in Act 29 of 1924 [LSA-R.S. 13:4070], which as above pointed out is exclusive as to temporary restraining orders and writs of preliminary injunction.” Furthermore, since the decision in the Tackett case (1953) the Louisiana Code of Civil Procedure has been enacted and the provisions of LSA-R.S. 13:4070 have *757 been incorporated in Article 3612 which reads as follows:
“There shall be no appeal from an order relating to a temporary restraining order.
“An appeal may be taken as a matter >of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not he suspended dtiring the pendency of an appeal unless the court in its discretion so orders.
“An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the •date of the order or judgment. The •court in its discretion may stay further •proceedings until the appeal has been •decided.
“Except as provided in this article, "the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III.” (Emphasis added.)
This article in our opinion relates to all injunctions and supersedes LSA-R.S. 37:1286 insofar as inconsistent therewith. We hold, therefore, that the trial judge did "have authority, within his discretion, to •grant relator a suspensive appeal.
We have given consideration to the question of whether or not the trial judge abused his discretion in denying the motion for a suspensive appeal. In doing so, we have considered the relator’s argument that time is of the essence in this •matter and that a devolutive appeal will not protect him against irreparable injury in the event it should be determined later that the injunction should not have been ordered. Against this we have weighed the right of the public to.protection against the danger which could result if relator is not immediately enjoined from continuing his practice. This public interest evidently was considered by the Legislature to be of paramount importance as evidenced by the provision in LSA-R.S. 37:1286 against releasing an injunction on bond in cases of this kind. While we have held that Article 3612 of the Code of Civil Procedure vests the court with discretionary authority to grant a suspensive appeal from a judgment ordering a preliminary injunction, and supersedes LSA-R.S. 37:1286 to this extent, the importance • which the Legislature ■ attached to the protection of the public against illegal practice of medicine must be considered in determining if a court has abused its discretion in refusing to grant a suspensive appeal. It is our opinion that the trial judge did not abuse his discretion in so refusing in this case.
In his brief relator has raised five specific questions of law and has alleged four specific errors of the trial court. Because of the limitations of the writ now before us, we are not passing on these questions. They address themselves to the merits of the case and will be dealt with if and when the case reaches us on appeal.
The alternative writ of mandamus or certiorari of November 3, 1965, directed to the Honorable Robert G. Hughes, Judge of the Twenty-Fourth Judicial District Court for the Parish of Jefferson, is now recalled and the stay order suspending the preliminary injunction is vacated, all at relator’s cost.
Writ recalled; stay order vacated.