290 So.2d 383 (1974)
LOUISIANA STATE BOARD OF MEDICAL EXAMINERS
v.
Karen MORAN.
No. 6180.
Court of Appeal of Louisiana, Fourth Circuit.
January 25, 1974.
Rehearing Denied March 8, 1974.
Edward J. Rice, Jr., and Bernard S. Smith, New Orleans, for relator.
Alvin G. Baham, Gretna, for defendant-respondent.
Before SAMUEL, REDMANN, GULOTTA, STOULIG, BOUTALL, SCHOTT and MORIAL, JJ., and BAILES and MARCEL, JJ. Pro Tem.
SCHOTT, Judge.
This matter is before us on a writ of certiorari granted on the application of Louisiana State Board of Medical Examiners to review an order granting a suspensive appeal from a judgment permanently enjoining respondent from practicing acupuncture.
Relator established to the satisfaction of the trial judge that respondent was practicing acupuncture, that such constitutes the practice of medicine and that respondent is not licensed to practice medicine. When respondent applied for and was granted a suspensive appeal from the judgment, conditioned upon her posting a $300 bond, relator applied here for a writ on the ground that the trial judge's grant of a suspensive *384 appeal constituted an abuse of the discretion afforded him under LSA-C.C.P. Art. 3612 and was in violation of the provisions of LSA-R.S. 37:1286:
"The board through its proper officer may cause to issue in any competent court a writ of injunction enjoining any person from practicing medicine in any of its departments, until such person obtains a certificate under the provisions of this Part. This injunction shall not be subject to being released upon bond."
When this statute, a part of Act 56 of 1914, was passed by the Legislature the procedural rules relative to injunctions were found in the Code of Practice beginning with Art. 296. Art. 304 made it possible for a plaintiff to obtain an injunction ex parte on the face of the pleadings.
Art. 307 provided as follows:
"Whenever the act prohibited by the injunction is not such as may work an irreparable injury to the plaintiff, the court may in their discretion dissolve the same; provided the defendant execute his obligation in favor of the plaintiff, with the surety of one good and solvent person residing within the jurisdiction of the court, for such sum as the court may determine, according to the nature of the case, as security that he will deliver the property in dispute in the same state in which it was at the moment of issuing the injunction, and that he will pay besides to the plaintiff all damages he may have sustained by this act, if a definitive judgment be rendered against him in the suit pending."
In Union Sawmill Co. v. Summit Lumber Co., 119 La. 313, 44 So. 28, there was an appeal by plaintiffs from an order dissolving their injunction on bond. They contended that the trial judge had abused his discretion because the dissolution of the bond would cause them irreparable harm. The Court held that plaintiffs would not suffer irreparable harm; that they would be protected by the bond posted by defendants; and that the trial judge had not abused his discretion under the circumstances. The following excerpt from the Court's opinion provides an insight into the procedure which was employed at the time of this case in 1907:
"This is not the first time that the questions involved were brought here for our decision in this case. An injunction had been issued prior to the one now before us.
"On defendant's motion it was dissolved on bond.
"Subsequent to the rendition of the dissolving decree, plaintiff applied for a suspensive appeal, which was refused. Plaintiff then applied to this court for a writ of mandamus to compel the judge of the district court to grant an appeal. The application was denied. A rehearing was applied for, which the court refused. A number of propositions in support of plaintiff's right were advanced by plaintiff and pressed upon the court's consideration. They were considered. The court declined to grant plaintiff's demand.
* * * * * *
"There is a discretion vested in the district judge by article 307 of the Code of Practice, of which he would be divested if, before issuing the order authorizing bond to set aside the injunction, it were required that he should satisfy himself as to the legality and binding effect of the right claimed in all its details. That is not the intention of the article of the Code of Practice.
"Construing that article, this court said:
'The dissolution of an injunction on bond is the exercise of the discretionary power vested expressly in the judge by the terms of the article of the Code of Practice. The discretion of the judge cannot be coerced.'
"We will not take up the merits to ascertain whether the injury complained of is irreparable vel non."
*385 Upon considering this background, we have concluded that the intention of the Legislature in including the provision in LSA-R.S. 37:1286 that "This injunction shall not be subject to being released on bond" was to prevent an enjoined defendant from availing himself of the procedure afforded by Art. 307 of the Code of Practice. Without such a prohibition the Medical Board would have been faced with a dissolution of any injunction it might have obtained since in every case the defendant could show that the act prohibited by such an injunction, to wit, the practice of medicine would not be such as to work irreparable harm on the plaintiff Board and the obvious intention of the Legislature was to prevent the Board's acts from being frustrated by the Code of Practice article in question.
By Act 29 of 1924 the Legislature sought to regulate the procedure with respect to temporary restraining orders and preliminary writs of injunction. As discussed in American National Bank v. Baumann, 173 La. 336, 137 So. 54, the Act's purpose was "to rid the State of the abuse to which the ex parte issuance of the writ of injunction had been subjected for many years" by setting up a procedure under which preliminary injunctions could be obtained only contradictorily against a party and not ex parte on the face of the pleadings. The act was incorporated in the Code of Practice as Arts. 297.1 to 297.6, was later incorporated in LSA-R.S. 37:1286 et seq. and was essentially reenacted by the Legislature in the Code of Civil Procedure as LSA-C.C.P. Art. 3601 et seq. The present C.C.P. Art. 3612 prescribes: "An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders." The source provision, LSA-R.S. 13:4070 or Code of Practice Art. 297.5, concerned itself only with the preliminary injunction and prescribed that a devolutive appeal might be taken as a matter of right from the granting or refusal to grant a preliminary writ of injunction or an application to dissolve an injunction, but that "the court may, in its discretion, allow to any party enjoined a suspensive appeal from any order granting a preliminary injunction."
In attempting to reconcile what they considered to be conflicts between R. S. 37:1286 and R.S. 13:4070 (now C.C.P. Art. 3612) the Second Circuit in Louisiana State Board of Medical Examiners v. Tackett, La.App., 70 So.2d 207 (1953) and this Court in Louisiana State Board of Medical Examiners v. Knight, La.App., 180 So.2d 755 (1965), found that the provisions of the injunction statutes superseded the provisions of the medical practice act so that the grant of a suspensive appeal was within the discretion of the trial judge. In both cases the courts considered the language of the medical act to the effect that "This injunction shall not be subject to being released upon bond" as a prohibition against the filing of a suspensive appeal bond and consequently an insurmountable obstacle to the taking of a suspensive appeal. But we have concluded that the subject provision was not intended to apply to the suspensive appeal bond but only to the procedure then found in Art. 307 of the Code of Practice and in that respect we repudiate this Court's reasoning in Louisiana State Board of Medical Examiners v. Knight, supra. Since Art. 307 was repealed with the passage of the Code of Civil Procedure the subject provision of the medical act no longer has any application whatsoever and the question is governed exclusively by LSA-C.C.P. Art. 3612.
The article prescribes that a judgment relating to a preliminary or final injunction[1] shall not be suspended pending *386 appeal unless the court, in its discretion, so orders. We have concluded that under the circumstances of this case the trial court's granting of a suspensive appeal did constitute an abuse of the discretion afforded him under this article. The trial judge found that respondent was not a licensed physician but was practicing medicine. Having made such a finding, his granting of an injunction against the respondent on the one hand and his suspending the effect of the injunction pending appeal on the other is a gross inconsistency and is clearly beyond the limits of the discretion afforded to a trial judge by the article.
Accordingly, the order of the trial judge granting a suspensive appeal to the respondent is vacated, reserving however to respondent the right to prosecute her appeal as a devolutive appeal.
Order granting suspensive appeal vacated.
NOTES
[1] In this case the record is not clear as to whether the court had before it a preliminary or final injunction. The prayer of the original petition is for a preliminary injunction but the judgment of the trial court awards a permanent injunction to plaintiff. But Art. 3612 makes no distinction and would apply in either case.